KILPATRICK TOWNSEND & STOCKTON LLP
STEVEN D. MOORE (State Bar No. 290875)
smoore@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: 415 576 0200
Facsimile: 415 576 0300

TAYLOR J. PFINGST (State Bar No. 316516)
tpfingst@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310 248 3830
Facsimile: 310 860 0363

JAMES J. MAUNE (State Bar No. 293923)
jmaune@kilpatricktownsend.com
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: 858 350 6100
Facsimile: 858 350-6111

Attorneys for Plaintiff
ZODIAC POOL SYSTEMS LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ZODIAC POOL SYSTEMS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TIANJIN WANGYUAN ENVIRONMENTAL PROTECTION AND TECHNOLOGY CO., LTD. d/b/a WINNY POOL CLEANER and TIANJIN POOL & SPA CORPORATION, a California corporation,<br><br>Defendant. | Civil Action No. 20-9085<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: October 2, 2020<br>Trial Date: |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Zodiac Pool Systems LLC ("Plaintiff" or "Zodiac"), for its Complaint against Defendants Tianjin Wangyuan Environmental Protection and Technology Co., Ltd. d/b/a Winny Pool Cleaner ("Winny") and Tianjin Pool & Spa Corporation ("TPS Corp.") (collectively referred to as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.,* arising from Defendants' acts of infringement of United States Patent No. 9,765,544 (the "'544 Patent" or the "Asserted Patent").

## THE PARTIES

2. Plaintiff Zodiac Pool Systems LLC is a Delaware limited liability company with its corporate headquarters located at 2882 Whiptail Loop East, #100, Carlsbad, California 92010.

3. Defendant Tianjin Wangyuan Environmental Protection and Technology Co., Ltd. d/b/a Winny Pool Cleaner is a Chinese company with its principal place of business located at No. 30, Zhongnan 4th Street, West-Zone Teda, 300462, Tianjin, China.

4. Defendant Tianjin Pool & Spa Corporation is a California corporation with its corporate headquarters located at 2701-2711 Garfield Avenue, Commerce, California 90040.

## JURISDICTION AND VENUE

5. This action arises under the laws of the United States, 35 U.S.C. §§ 101, 271, 283, 284, and 285, for patent infringement. The Court has original subject matter jurisdiction over the asserted claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants for at least the following reasons: (1) Defendants have committed acts of patent infringement and

COMPLAINT FOR PATENT INFRINGEMENT — 1 —

1  induced and contributed to acts of patent infringement by others in this district and
2  in California; (2) Defendants engage in other persistent courses of conduct and
3  derive substantial revenue from products and/or services provided to individuals in
4  this district and in California; and (3) Defendants have purposefully established
5  systematic and continuous contacts with this district and should reasonably expect to
6  be brought into court here.

7        7.     Venue over this action is proper in this Court pursuant to 28 U.S.C. §§
8  1391(b), 1391(c) and 1400(b) because Defendants have transacted business and
9  committed acts of patent infringement in this judicial district and because Defendant
10 Tianjin Pool & Spa Corporation has a regular and established place of business in
11 this judicial district.  In addition, venue is proper under § 1391(c)(3) because
12 Defendant Tianjin Wangyuan Environmental Protection and Technology Co., Ltd. is
13 a foreign company, and a defendant not resident in the United States may be sued in
14 any judicial district.

## THE PATENT-IN-SUIT

16       8.     On September 19, 2017, the United States Patent and Trademark Office
17 issued United States Patent No. 9,765,544, entitled "Water Jet Pool Cleaner with
18 Opposing Dual Propellers" naming Giora Erlich and William Londono Correa as
19 inventors.  A true and correct copy of the '544 Patent is attached to this Complaint
20 as Exhibit A and incorporated herein by reference.

21       9.     The '544 Patent is valid and enforceable.

22       10.    The Asserted Patent relates to a robotic pool or tank cleaner that is
23 propelled by water jets.  *See* Exhibit A, Abstract.  A reversible pump motor in the
24 pool cleaner controls the direction of motion of the pool cleaner.  *See id.*  When the
25 propellers of the pool cleaner rotate in one direction, water is drawn through one or
26 more openings in the base plate, passes through a filter or filters associated with the
27 pool cleaner, and is discharged through one of the discharge ports as a water jet of
28 sufficient force to propel the pool cleaner along the surface being cleaned.  *See id.*,



COMPLAINT FOR PATENT INFRINGEMENT      - 2 -

Col. 2:49-45.

11.     Zodiac owns by assignment all right, title and interest in, and has standing to sue for infringement of the '544 Patent.

12.     Zodiac has the right to assert all causes of action arising under the '544 Patent and the right to recover any remedies for infringement of it, including the right to sue for past infringement.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 9,765,544

13.     Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 to 12 above as if set forth fully herein.

14.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants have infringed and continue to infringe the '544 Patent by importing into this district and elsewhere in the United States, using, offering for sale, and/or selling within this district and elsewhere in the United States, products related to swimming pool cleaners, including but not limited to the Jacuzzi Comet Robotic Pool Cleaner which incorporate each and every element of one or more of the claims of the '544 Patent and therefore are covered by the '544 Patent ("the Accused Instrumentality").

15.     Defendants directly infringe one or more claims of the '544 Patent, including but not limited to claim 1, either literally or under the doctrine of equivalents by using, selling, offering for sale, or importing into the United States the Accused Instrumentality that embodies each element of at least one of the claims of the '544 Patent and will continue to do so unless enjoined by this Court.

16.     For example, the Accused Instrumentality includes the Jacuzzi Comet Robotic Pool Cleaner.  *See* Exhibit C.  The Accused Instrumentality meets each and every limitation of at least claim 1 of the '544 Patent.  An infringement claim chart is attached to this Complaint as Exhibit B and incorporated herein by reference.

17.     Defendants also indirectly infringe the '544 Patent within the United

States by inducement under 35 U.S.C. § 271(b).  Since learning of the '544 Patent, at least as early as receipt of a cease and desist letter from Plaintiff, dated May 28, 2020, and by failing to cease offering the Accused Instrumentality, Defendants have knowingly and intentionally induced, and continue to induce, others in this judicial district and throughout the United States, including but not limited to Defendants' customers and/or ultimate end users, to directly infringe one or more claims of the '544 Patent, such as claim 1.  They do so, *inter alia*, by (1) providing instructions or information to explain how to use the Accused Instrumentality in an infringing manner; and (2) touting these infringing uses of the Accused Instrumentality in Defendants' Jacuzzi COMET Robotic Pool Cleaner Operating Manual, Exhibit C.

18. Defendants also indirectly infringe the '544 Patent by contributing to direct infringement by Defendants' customers and/or ultimate end users under 35 U.S.C. § 271(c) by providing the Accused Instrumentality, which, as evidenced by Defendants' own advertising materials, are specifically made for use in a manner infringing one or more claims of the '544 Patent, such as claim 1, and have no substantial non-infringing uses.

19. Upon information and belief, Defendant Tianjin Pool & Spa Corporation imports the Accused Instrumentality into the United States for further sale in the United States.

20. Zodiac has suffered and continues to suffer monetary damages and other injuries as a result of Defendants' past and continuing infringement under 35 U.S.C. § 271.  Zodiac has suffered damages in the form of lost profits, lost sales, and/or lost opportunities.  Plaintiff is entitled to recover damages to compensate Plaintiff for Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

21. Zodiac has been and continues to be irreparably injured by Defendants' past and continuing infringement, inducement of infringement, and/or contributory infringement of the '544 Patent, and Defendants' infringing activities will continue



COMPLAINT FOR PATENT INFRINGEMENT                                              - 4 -

1  unless enjoined by this Court pursuant to 35 U.S.C. § 283.

2      22.    Defendants' infringement, inducement of infringement, and/or
3  contributory infringement of the '544 Patent has been and continues to be willful,
4  deliberate, and with knowledge of the '544 Patent, such that Zodiac is entitled to
5  recover enhanced damages pursuant to 35 U.S.C. § 284 and attorney's fees and
6  other expenses of litigation pursuant to 35 U.S.C. § 285.

7  **<u>PRAYER FOR RELIEF</u>**

8      WHEREFORE, Zodiac respectfully requests that the Court:

9      A.    Enter judgment that Defendants have infringed at least one or more
10 claims of the '544 Patent, directly and/or indirectly, literally and/or under the
11 doctrine of equivalents;

12     B.    Award Zodiac its actual damages as a result of Defendants' infringing
13 activities;

14     C.    Permanently enjoin Defendants from continuing to infringe, induce
15 infringement, or contribute to infringement of the '544 patent, pursuant to 35 U.S.C.
16 § 283;

17     D.    Award Zodiac damages in an amount to be proven at trial because of
18 the injury suffered by reason of Defendants' infringement of the '544 Patent;

19     E.    Increase the damages awarded to Zodiac by three times the amount
20 found to be Zodiac's actual damages, as authorized by 35 U.S.C. § 284 as a result of
21 Defendants' willful infringement of the '544 Patent;

22     F.    Award Zodiac its expenses of litigation, including reasonable attorney's
23 fees pursuant to 35 U.S.C. § 285;

24     G.    Award Zodiac prejudgment interest, post-judgment interest, and costs
25 pursuant to 35 U.S.C. § 284; and

26     H.    Award Zodiac such other and further relief as the Court deems just and
27 proper.

28



COMPLAINT FOR PATENT INFRINGEMENT     - 5 -

# JURY DEMAND

Zodiac demands a trial by jury on all issues so triable.

DATED: October 2, 2020

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:  */s/ Steven D. Moore*
     STEVEN D. MOORE

Attorneys for Plaintiff
ZODIAC POOL SYSTEMS LLC

73879292V.3